UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LOUIS C. JEMISON, III,** ) | Case No. 1:08 CV 2653 |
| ) | |
| Plaintiff, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **MAGISTRATE JUDGE MCHARGH,** ) | |
| ) | |
| Defendant. ) | |

Before the Court is Plaintiff Louis C. Jemison, III's "Complaint/Motion to Compel" (**ECF No. 1**.) Because Jemison actually petitions the Court, under 28 U.S.C. § 1361, for a writ of mandamus to compel Magistrate Judge McHargh to carry out his duties under the Federal Magistrate Act, 28 U.S.C. § 636, the Court will refer to the pending matter as a "Mandamus Petition." For the following reason, the Court **DISMISSES** the Mandamus Petition.

## I. BACKGROUND

On February 13, 2007, Plaintiff Louis C. Jemison, III was convicted by a jury of possession with intent to distribute cocaine, possession with intent to distribute cocaine base (crack), and of being a felon in possession of ammunition. On April 24, 2007, Judge Donald C. Nugent sentenced Jemison to 240 months of imprisonment for the drug charges and 120 months for the possession of ammunition charge, to run concurrently, followed by eight years of supervised release.

On November 11, 2008, Jemison, a federal prisoner at the Petersburg Correctional Complex in Petersburg, Virginia, filed a *pro se* Mandamus Petition under 28 U.S.C. § 1361. Jemison alleges that Defendant, Magistrate Judge Kenneth S. McHargh, failed to "carry out duties owed to Plaintiff." (ECF No. 1, ¶1.)  Specifically, Jemsion argues that Magistrate Judge McHargh "never noticed Plaintiff of any report(s) or recommendation(s) in violation of 636(b)(1)(C) as well as the Due Process [C]lause(s) of the Constitution for the [U]nited States of America; Fifth and Fourteenth Amendment." (ECF No. 1, ¶14.) He explains that "[t]he docket sheet in case no 06-cr-403, to which [D]efendant was assigned, has no record of any notice prescribed by 28 U.S.C. §636(b)(1)(C) being filed by Defendant, nor is there any record of an order directing the clerk of the Court to serve any notice on Plaintiff as to the report(s) and recommendation(s) found by Defendant in relation to case no. 06-cr-403 as was the basis for assignment of said case, as a matter of fact." (ECF No. 1, ¶23.) Jemison petitions the Court for a writ of mandamus to compel Magistrate Judge McHargh to carry out his duties described in the Federal Magistrate Act of 28 U.S.C. § 636.  Jemison asks the Court to set aside his criminal conviction and order his release because Magistrate Judge McHargh failed to give him notice of a report and recommendation.

## II. ANALYSIS

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a government entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans*

*v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §1915A.

A mandamus action may be brought under 28 U.S.C. § 1361, which provides the district court with mandamus jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To obtain relief under § 1361, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. *See Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995); *Ryon v. O'Neill,* 894 F.2d 199, 205 (6th Cir. 1990).

Jemison seeks relief because of Magistrate Judge McHargh's alleged failure to comply with 28 U.S.C. § 636. Under § 636(b)(1)(B), a district judge may permit a magistrate judge "to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." 28 U.S.C. § 636(b)(1)(B). The magistrate judge must then issue a report and recommendation to the court and send copies to all parties. 28 U.S.C. § 636(b)(1)(C). Jemison argues that Magistrate Judge McHargh breached his statutory duty by not sending Jemison a report and recommendation. However, the record shows that Judge Nugent never referred any motions or pretrial matters to Magistrate Judge McHargh to prepare a report

and recommendation. Because Magistrate Judge McHargh had no duty to prepare a report and recommendation, let alone send Jemison a copy, the Court cannot grant the requested relief.

### III. CONCLUSION

Jemison has failed to show that he has "a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act" under 28 U.S.C. § 1361. *Heckler*, 466 U.S. at 616-17 (1984); *In re Bankers Trust Co.*, 61 F.3d at 469; *Ryon,* 894 F2d at 205. Accordingly, the Mandamus Petition (**ECF No. 1**) is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

    */s/Dan Aaron Polster     December 9, 2008*
**Dan Aaron Polster**
**United States District Judge**